**Miguel PEREZ, Petitioner,**

v.

**Susan WILSON, Acting Superintendent of Ogdensburg Correctional Facility, Respondent.**

**No. 05–3542–ag.**

United States Court of Appeals, Second Circuit.

Aug. 7, 2008.

Miguel Perez, Pro Se, Batavia, N.Y., for Petitioner.

Michael J. Garcia, U.S. Atty., Sue Chen, Special Asst. U.S. Atty., David S. Jones, Asst. U.S. Atty., New York, N.Y., for Respondent.

PRESENT: Hon. JON O. NEWMAN, Hon. JOSÉ A. CABRANES, and Hon. B.D. PARKER, Circuit Judges.

### SUMMARY ORDER

Miguel Perez petitions for review from a final order of removal denying asylum, withholding of removal, and Convention Against Torture ("CAT") relief. The petition, originally filed as a habeas corpus action, was transferred from the District Court for the Southern District of New York to this Court, pursuant to the REAL ID Act of 2005, Pub.L. No. 109–13, Div. B., 119 Stat. 231 (May 11, 2005). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Perez, a citizen of the Dominican Republic, was ordered removed after his illegal entry into the United States, because of his state court conviction for sale of narcotics. On appeal to the BIA he alleged that his drug sale conviction was on appeal to the state courts. The BIA dismissed his appeal on July 23, 1999, noting that no record of his appeal of his narcotics sale conviction had been located. After numerous delays occasioned by the filing of Perez's habeas corpus petition and the Government's filing of a now withdrawn motion to remand, it has now been ascertained that Perez did appeal his narcotics sale conviction, and that this conviction was affirmed by the Appellate Division. *See People v. Perez,* 279 A.D.2d 949, 718 N.Y.S.2d 255 (1st Dep't 2001).

Perez contends that his narcotics sale conviction cannot be the basis for his removal because his conviction was on appeal when he was ordered removed. Whether or not the pendency of a state court appeal destroys the finality of the conviction for purposes of removal, remand to the BIA would be futile, *see Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 395 (2d Cir.2005), now that the state court appeal has been concluded.

Perez's attempt to collaterally attack his state court conviction does not provide a basis for challenging the removal order. *See Arriaga v. Mukasey,* 521 F.3d 219, 224 (2d Cir.2008).

Perez was not denied a right to counsel during the removal proceedings as he was repeatedly afforded an opportunity to appear with counsel. Finally, Perez's claim that his illegal entry was not established is entirely without merit, as he admitted his illegal entry several times.

For the foregoing reasons, the petition for review is DENIED. Having complet-ed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).